UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**PARIS DEMETRIUS EVANS,**

    **Plaintiff,**

vs.                               CASE NO. 4:24-cv-00160-MW-MAF

**BOB LEBLANC, ET AL.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Paris Demetrius Evens, a prisoner proceeding *pro se*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not file an application to proceed *in forma pauperis* (IFP) and did not pay the $405 filing fee.

The Court may review a plaintiff's complaint and dismiss it, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. See 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. The complaint is legally insufficient as a shotgun pleading. However, it appears that Plaintiff initiated this case in the wrong venue. Rather than directing Plaintiff to amend the complaint, to file an IFP

application, or pay the fee, in the interest of judicial economy, it makes sense to transfer the case to the Middle District of Florida.

I. **Plaintiff's Complaint, ECF No. 1.**

Plaintiff is currently housed in Putnam Correctional Institution in East Palatka, Florida. ECF No. 1. Plaintiff sued five defendants, all in their individual capacities. Four of them (a state attorney, judge, appellate attorney, and an officer with the Orange County Sheriff's Office) reside in Orlando Florida; another, who is a public defender, resides in Los Angeles, California. ECF No. 1, pp. 1-3.

The complaint is no model of clarity. Plaintiff references his 2010 Orange County criminal cases and alleges double jeopardy, illegal search and seizure, false arrest, "kidnapping," torture, and excessive force. Id., pp. 1, 4-5. Apparently, he was arrested in 2011 and sentenced to a term of imprisonment in 2012.[1] Id., p. 5. However, Plaintiff does not attribute any acts or omissions to any of the defendants. He is seeking release from prison and $200,000 in damages. Id.

---

[1] See also Florida Department of Corrections, Corrections Offender Network, Inmate Population Information Details showing Plaintiff was sentenced to seventeen years in prison following his conviction for various offenses in Orange County Case No. 2010-CF-10425.

## II. Plaintiff's Case Should be Transferred to the Middle District of Florida

It appears that Plaintiff filed this case in the wrong venue. Venue for Section 1983 actions is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; . . .

Venue appears to be appropriate in the Middle District of Florida because Plaintiff and four defendants reside there, except for one who is in Los Angeles, California. Plaintiff's criminal cases also originated in Orange County, Florida. ECF No. 1, p. 1.

Even if Plaintiff were attempting to seek relief pursuant to 28 U.S.C. § 2254, venue is proper in the Middle District of Florida. Generally, a petition for habeas relief "by a person in custody under the judgement and sentence of a State court of a State which contains two or more Federal judicial districts, . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which State court was held which convicted and sentenced him and each of such district

courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Puntam County, where Plaintiff is housed, and Orange County, where Plaintiff was convicted, are both located within the Middle District of Florida. 28 U.S.C. § 89(b).

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue *sua sponte* but should not dismiss an action for improper venue without without giving the parties an opportunity to respond. <u>Kapordelis v. Danzig</u>, 387 F. App'x 905, 906 (11th Cir. 2010). Justice is better served by transferring this case to the appropriate forum rather than dismissing it or by directing Plaintiff to amend his complaint, to submit an IFP application, or to pay the filing fee. No hearing is necessary prior to directing the transfer of a case.

### III. Conclusion and Recommendation

For the reasons stated, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 9, 2024.

                          **s/ Martin A. Fitzpatrick**
                          **MARTIN A. FITZPATRICK**
                          **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).